## Case No. 3,834.

DETROIT STOVE WORKS v. MICHIGAN STOVE CO.

[12 O. G. 189.]

Circuit Court, E. D. Michigan. 1877.

PATENTS—INFRINGEMENT—BASE-BURNING STOVES.

In equity.

BROWN, District Judge. This cause having heretofore been brought on to be heard upon the pleadings filed, and the proof taken thereon, and the said pleadings and proofs having been read, and Mr. Thomas S. Sprague, of counsel for complainant, and Mr. John Miner, of counsel for defendant, having been heard, and the court having fully considered the said pleadings, proofs, and arguments, it is hereby ordered, adjudged, and decreed that the reissued letters patent granted unto John V. B. Carter and James Duyer, dated March 7, 1876, No. 6,979, are valid; and that the complainant is the owner of said letters patent; and that the defendant has infringed the said letters patent in making, using, and vending to others the improvement in base-burning stoves for heating and cooking, as charged in said complainant's bill of complaint, and that the said complainant is entitled to have a perpetual injunction to restrain said defendants, its agents, servants, and all holding or claiming under or through it from making, using, or vending, or in any manner disposing of heating and cooking-stoves, embracing the invention or improvements described in said letters patent, namely: "In combination with a heating-stove, having revertible and base flues, a culinary attachment placed directly against the rear flues or said stove so that the inner wall or front of said culinary attachment is adapted to be heated by direct radiation from the fire-pot, while the other walls of said atachment are heated by the products of combustion in their passage from the base to the exit, substantially as and for the purposes set forth." And, also: "In a heating-stove, and in combination therewith, a culinary attachment provided with suitable openings, to allow the products of combustion to be directed from the flues of a revertible-flue heating-stove into the inclosed flue-space surrounding the oven, placed between the ring which forms the base of the combustion-chamber proper, and the base of the stove, all being effected substantially in the manner and for the purposes described in said letters patent." And it is further adjudged and decreed, that the cause be referred to D. J. Davison, a master of this court,

to ascertain and report the number of base-burning stoves for heating and cooking containing the said improvements, or either of them, made, and also the number sold by the said defendant since the 7th day of March, 1876, and the damages complainant has sustained, or use and profits defendant has received, by reason of such infringement since the time last aforesaid. And upon the coming in and confirmation of the said report, that said complainant have a decree and execution for the amount due thereon, and also for the costs in this suit, to be taxed.

[NOTE. Patent No. 131.936 was granted to Carter & Dwyer October 8, 1872; reissued March 7, 1876 (No. 6,979).]